WILLIAMSON assignee of Thomas R. Hyer, *appellant,* and WALTER E. HYER, administrator, &c. *respondent.*

An *appeal* from an order refusing a *re-hearing of a motion* for instructions to a master as to the examination of a witness will not be entertained.
*It seems* that an appeal would not be sustained in any case from an order of the chancellor refusing a re-hearing, unless under very peculiar circumstances.

MOTION to dismiss appeal. On the 18th September, 1827, Thomas R. Hyer exhibited his bill in the court of chan-

cery against the respondent and others, praying an account of the rents, issues and profits, and of the proceeds of the sales of certain real estate late of Gerrit Hyer, of the city of New-York, deceased. The respondent being the administrator of the estate of G. Hyer, and the others being the widow and the children and representatives of the deceased, put in their answer in July, 1828. On the 19th December, 1827, Thomas R. Hyer executed a mortgage to Halsey Rogers of an undivided fifth part of all the real estate whereof Gerrit Hyer died seised in the city of New-York, to secure the payment of $5500, and as a farther security, by an instrument in writing of the same date with the mortgage, charged his share of the personal estate of G. Hyer with the payment of the said sum. The mortgage and the other instrument were assigned, on the 28th January, 1828, by Halsey Rogers to Douw D. Williamson.

In the progress of the suit in chancery, a witness having refused to answer before a master certain questions put to him, it was agreed between the parties that application should be made to the chancellor for instructions to the master in reference to the examination; which application was made in the name of the appellant, on the 20th January, 1829. The respondent produced an order from the appellant for the discontinuance of the suit, and the chancellor denied the motion with costs, with liberty to the appellant to renew the same on additional papers. On the 3d February, 1829, the motion was renewed, when the respondent opposed the same on affidavits setting forth the order for discontinuance, bearing date the 20th December, 1828, and an assignment of all the interest of the appellant in the personal estate of G. Hyer, deceased, executed to Sarah Hyer, one of the defendants, on the day last mentioned, and denying notice of the assignment to Halsey Rogers; whereupon the motion was again denied, with costs. On the 23d April, 1829, a petition for a *re-hearing* of the last motion having been presented and heard, was denied by the chancellor, with costs. On the 7th May, 1829, an appeal was filed in the court of chancery from the three several orders made by the chancellor, and on the 8th August, 1829, the petition of appeal was filed in this court.

*P. W. Radcliff,* for motion. More than 15 days having elapsed after the two first orders, before an appeal was entered, the party is too late ; nor can he appeal from an order denying a re-hearing, the object of which was to call in question the propriety of the former orders ; for if allowed, the statute limiting appeals upon interlocutory orders might in every case be evaded, as a petition for re-hearing may be presented after a lapse of years.

Williamson acquired his interest previous to either of the orders made by the chancellor. If the suit was conducted with his knowledge, he is bound as a party by those orders ; if a stranger to the suit, he has no right to appeal.

An application for a re-hearing is addressed to the *discretion* of the court. and the order made thereon is not the subject of appeal. (3 P. Wms. 8. 1 Ambl. 91. 1 Johns. C. R. 48. 1 Harrison. 650. 1 Madd. 360, 1.) An appeal will not lie from an order made upon a petition presented, unless it involves the merits of a controversy ; this was a mere question of practice.

*W. P. M. Wood & A. Burr,* contra. Williamson, though not a party to the record, has the right to appeal. By the assignment he obtained a specific lien upon the fund in question, and as assignee is entitled to protection. The appeal is given to " all persons aggrieved." An administrator *de bonis non* has been allowed to prosecute a writ of error on a judgment against the estate he represented. (8 Cowen, 333.)

The orders appealed from affect the merits of the case. They were made on the ground that the nominal complainant had discontinued the suit. Unless the decision is made purely on a point of practice, an appeal lies. (5 Cowen, 719. 9 Johns. R. 443. 2 Wendell, 573.)

An appeal from an order of chancery necessarily brings up all prior orders connected with it. (17 Johns. R. 548. 5 Cowen, 719. 1 Johns. C. 498.)

Mr. Justice MARCY said he could scarcely conceive of a case in which an appeal from an order of the chancellor refusing a *re-hearing* ought to be sustained. Such application is addressed purely to the discretion of the chancellor, and

strong indeed must be the circumstances in such a case, to induce this court to sustain an appeal. Besides, it is very questionable whether an order refusing instructions to a master as to the discharge of his duties can be the subject of an appeal. The party is not remediless ; on the coming in of the report, if the master has omitted what he ought to have done, or on the contrary, has done what he ought not to have done, the party has a right to except to his report, and then the conduct of the master is properly inquirable into. For these reasons he was of opinon, that the appeal should be dismissed.

Chief Justice Savage concured, and especially for the reason, that if the appeal was sustained, the statute limiting appeals from interlocutory orders to fifteen days would be evaded. If the appeal from the order refusing a re-hearing is sustained, the previous orders are necessarily opened, being directly connected with the order last made.

This being the unanimous opinion of the court, the appeal was thereupon ordered to be dismissed *with costs*.