ALBANY,<br>Dec. 1829.<br>Chapman<br>v.<br>Hammersley.

---

CHAPMAN, *appellant,* and HAMMERSLEY and others, *respondents.*

An *appeal* does not lie from an order of the chancellor directing the sale of property, the subject of contest between the parties litigant, and ordering the money to be brought into court to abide the final order to be made upon the rights of the parties; such order relating only to the preserva-tion of the property, and not affecting the merits of the cause.

Motion to dismiss appeal. In September, 1826, Chapman filed a bill in chancery against the respondents, stating, that Hammersley and himself as trustees for Jessy Ann Dyett, and her husband Joshua Dyett, purchased and became seised in May, 1823, of a certain manufacturing establishment, called the Dutchess Cotton Factory, subject to a certain agreement between the appellant and the respondents. In 1825, Chapman having made advances and incurred responsibilities in carrying on the business of the factory, sold

his interest to Dyett, the husband, who paid him $10,000 on account of the same, and agreed to liquidate and pay his accounts in reference to the business of the factory which he had conducted, Chapman retaining a lien on the property untill he was fully satisfied. The bill states, that though some progress was made towards a general liquidation of the accounts, the same had never been completed; the complainant claims a large balance as due to him, and prays that an account may be taken between him and the concern; that Dyett may be decreed to pay the same, and in default of payment, that the factory with its appurtenances be sold under the direction of the court of chancery, subject to certain mortgages being liens thereon, and that after satisfying such mortgages, the balance found due to Chapman be paid, and that in the mean time a receiver be appointed to take charge of the factory and that Dyett be enjoined from any agency in the concern. An injunction accordingly issued. In May term, 1829, of the court of chancery, the respondents presented their petition to the chancellor, stating, that the establishment was very much embarrassed with debts; that a decree had been rendered in the equity court of the second circuit, by which a large portion of the machinery of the factory had become liable to sale by execution; that the complainant had become insolvent; that the personal services of Dyett in the factory were necessary to the prudent and economical conducting of the affairs of the factory, without whose aid Hammersley prayed he might not be required to prosecute the manufacturing business, being totally unacquainted with the same, and that the concern could not be saved from utterru in in any other way than by a speedy sale of the whole establishment, subject to the outstanding liens remaining thereon. On the 27th July last, the chancellor made an order directing a sale of the premises after six weeks notice in three public newspapers, requiring as the terms of sale a payment in cash of a sufficient amount to pay and satisfy the decree rendered in the court of equity, a further payment in cash of ten per cent, on the residue of the purchase money, and a bond and mortgage for the balance, payable in four equal semi-annual instalments, and directing

the proceeds of the sale to be brought into court. From this order Chapman appealed ; to dismiss which appeal the motion was made.

*H. W. Warner*, for motion.

Mr. Justice MARCY. The order made by the chancellor cannot affect the merits of the cause, and therefore is not the subject of appeal. It is aside of the merits, and relates only to the preservation of the property. The rights of the respective parties are not passed upon. Besides the sale will be public and open to the competition of the parties as well as strangers. The presumption is, the property will bring its fair value : the appellant, therefore, cannot be injured. In his bill, he himself asks for a sale of the property after the accounts are taken ; why should he object to a sale now, inasmuch as the proceeds are to be brought into court to abide such order as the rights of the parties may require after they are ascertained ? I am of opinion that the appeal ought to be dismissed.

This being the unanimous opinion of the court, the appeal was dismissed accordingly.