Jarvis v. Blennerhasset.

---

JARVIS *vs.* BLENNERHASSET & TROTTER. [627]

Where, in an action of *assault and battery* against two defendants, one only is taken, and the plaintiff declares as against *joint debtors,* stating one to be *taken* and the other *not found,* the declaration, though perhaps the subject of *special demurrer,* will not be set aside as *irregular.*

In *tort,* a plaintiff may declare against one of several defendants, notwithstanding an order to hold to bail had been obtained; and *it seems* might do so, although both defendants had been taken, and given bail on the arrest.

MOTION to set aside a declaration as irregular. A *capias* was issued in an action of *assault and battery,* and an order to hold to bail was obtained. Blennerhasset only was taken, and the plaintiff declared against *both* defendants, as in an action against *joint debtors,* stating Blennerhasset to be in custody, &c., and that the sheriff had returned Trotter not found, and then alleging the assault and battery to have been committed. The defendant who was arrested moved to set aside the declaration as irregular.

*By the Court,* COWEN, J. The declaration follows the process. It admits that one of the original defendants is out of court; as to him it is void. It may be informal, and therefore the subject of special demurrer, but nothing more. (*Rose* v. *Oliver,* 2 *Johns. R.* 365.) Such a declaration can work no substantial prejudice to the defendant taken. It is such a perfect nullity as to the other that he might yet be a witness on the trial, against the plaintiff. (*Stockham* v. *Jones,* 10 *Johns. R.* 21.) On special demurrer, I suppose the plaintiff would amend, as he might do, of course; but irregularity cannot be alleged of a formal defect in pleading. It was said, the process being bailable, the plaintiff must declare against both. That is so as to *contracts,* but not as to *torts.* The distinction was held expressly in *Wilson* v. *Edwards,* (5 *Dowl. & Ryl.* 622.) At most, this is an informal declaration against one, and that is the defendant taken. In *Wilson* v. *Edwards,* both defendants had given bail on arrest for the assault and battery, yet the plaintiff was allowed to declare against one only, taking no [628] notice of the other. What difference can it make that the other is noticed in the declaration as absent? The defendant here is answerable severally.

Motion denied.