GIBSON & HARRIS *vs*. MARTIN.

An appeal does not lie to reverse an ex parte order of a vice chancellor which is merely irregular. The proper remedy of the party against whom such ex parte order has been made, is to apply to the vice chancellor to vacate or modify it.

An ex parte order for the appointment of a receiver ought not to be granted, against a defendant who is not in default for not appearing ; unless in a case of emergency, where the property to which the receivership relates would be likely to perish before the defendant could have notice and be heard on the application for a receiver.

THIS was an appeal, by the defendant, from an ex parte October 6. order of the vice chancellor of the eighth circuit, referring it to a master to appoint a receiver of the property described in the complainants' bill in this cause ; and of the rents and profits of the farm also described therein, then or lately occupied by the defendant, and of all the crops growing thereon, or which had been cut therefrom during his occupancy, and then remaining in his possession or under his control unsold ; and directing the defendant to permit the receiver to harvest the crops which were then growing on the land, and to deliver to the receiver, and permit him to take possession of, all the property mentioned in the bill of complaint, and to hold the same subject to the further order of the court. The order purported to have been made upon reading an affidavit merely ; and there was no evidence that the bill was before the vice chancellor, or that the contents of it were known to him at the time he made the order appealed from. The appellant's counsel therefore insisted that the bill could not be read or used upon the hearing of the appeal. It was only read de bene esse, in case the respondents' counsel should procure the certificate of the clerk or vice chancellor that it was read or used in the court below upon the motion ; and no such certificate was produced.

*C. Stevens*, for the appellant.

*J. V. L. Pruyn*, for the respondents.

THE CHANCELLOR.  The bill, upon which the injunction in this case was granted, being excluded from consideration on this appeal, it is difficult to ascertain precisely to what property the receivership relates ; or how far the order affects any interests claimed by the defendant, so as to authorize him to appeal if such an order was the proper subject of appeal.  I think, however, the defendant has mistaken his remedy in supposing that an ex parte order that is merely irregular, and which, therefore, would be set aside or modified as a matter of course upon a proper application to the same court, can be appealed from.  Such a practice would compel the appellate court to correct all the irregularities of the proceedings in the court below, at great expense to the parties.  Although the language of the statute relative to appeals from orders made by vice chancellors is general, it never could have been the intention of the legislature to authorize an appeal from such an order ; instead of applying to the court below to set aside the order for irregularity.  If the vice chancellor, upon a proper application, should refuse to set aside or modify such an order, his decision denying the application would form a proper subject of appeal, and would be corrected by this court.

The order in question was clearly irregular, in the form in which it was entered, whether it was founded upon the affidavit alone, or upon the affidavit in connection with the facts stated in the bill.  It appeared that the subpœna was served on the defendant on the 31st of July, only four days before the application.  He was, therefore, neither proceeded against as an absentee, nor was he in default for not appearing ; so as to entitle the complainants to proceed without notice, except in a case of emergency, where the property would be likely to be destroyed before the defendant could have notice and be heard upon the applica-

tion. (*Sandford* v. *Sinclair, ante, p.* 373.) That was not the case as to the property generally to which this receivership relates; though as to the wheat which had been cut and not secured, and as to that which was then ready to cut, it would have been proper, on the affidavit presented, to have appointed a temporary receiver to secure it from loss; or to have granted an order to show cause immediately, before the vice chancellor, why a receiver should not be appointed.

The effect of the order which was made, however, was to deprive the defendant of the possession of the farm, and of all the crops which were then growing, or which had at any other time been raised thereon by him, without giving him a chance to be heard. It would therefore be improper either to affirm or reverse this order on the appeal. But the appeal must be dismissed, with leave to the defendant to apply to the vice chancellor, upon due notice to the adverse party, to set aside the order appealed from, for irregularity, or to modify it; so far as it affects the rights and interests of the defendant, and as may appear to the vice chancellor to be proper, upon the hearing of both parties before him. And under the circumstances of this case I shall not charge either party with costs upon this appeal.