Before EDMONDS, P. Justice, and EDWARDS, and MITCHELL, Justices.

### CRUGER v. DOUGLASS.

The provision of the Code which allows an appeal from an order at Special Term, where the order "involves the merits," means all orders in the progress of a cause, except such as relate merely to matters resting in the discretion of the Court, or to mere matters of practice or form of proceeding. An application for the necessary process to enforce the judgment of the court involves the merits within this construction of the Code.

THE plaintiff filed his bill of complaint in the late Court of Chancery to enforce the execution of an appointment made by virtue of a post-nuptial settlement, or to revoke the settlement itself.

The cause was heard before the late vice chancellor of the First Circuit, and afterward in this court on appeal from his decision.

The General Term on such appeal affirmed the decree of the vice chancellor, and among other things decreed that the defendants as trustees should forthwith out of the trust funds in their hands, pay to the plaintiff the sum of $5,000, but awarded no execution therefor.

The plaintiff, on an affidavit showing a demand of that sum of the defendants, and their refusal to pay it, moved at Special Term for a precept under § 4 of 2 R. S. 535, to commit them until payment.

Such precept was awarded, and from the order awarding it, an appeal was taken to the General Term under section 7 of the act supplementary to the Code.

*Cruger— F. B. Cutting*, with him — now moved to dismiss the appeal for irregularity, and because the order appealed from did not involve the merits of the action, or any part thereof.

*C. O' Conor, contra.*

*Edmonds, P. J.:* The grounds on which the motion to dismiss the appeal were rested, were all disposed of on the argument, except, two —

1. That the appeal had been irregularly taken, and —

2. That the order was of such a nature that it was not the subject of an appeal.

The irregularity is said to consist in this — that proceedings were stayed while such security was not given as to justify a stay of proceedings, but only an undertaking in $250 as security for costs. The want of such security will not vitiate the appeal. It can only operate to vacate the order to stay proceedings. That might have been done at Chambers, and it is not proper to come here in the first instance to get relief from that order. The order may be irregular and void, but that does not make the appeal so, and the objection of irregularity must be overruled.

The main question is whether the order can be appealed from at all. That depends solely on the question whether it involves the merits of the suit, or any part of it. (Supplement to Code, section 7.)

It is not easy to give to this expression a definite meaning, whereby a fixed and certain rule can be established. It will

18—vol. 2.

doubtless be "intelligible to the common understanding,"[*] as soon as its meaning shall be ascertained. In the mean time the search for that meaning is not without its difficulties.

The decree obtained at the General Term, in this suit, adjudged in effect that the defendants had in their hands, at all events, and beyond all contingencies, the sum of $5,000 belonging to the plaintiff, and ordered that it should be forthwith paid to him, but awarded no process for the collection of that sum, and no mode of enforcing its payment. For that purpose the plaintiff was obliged to apply at a Special Term. He might have applied for an execution against the defendants' property, or for a precept against their bodies, and the question is, whether the decision at the Special Term, granting either of these writs, or denying both of them, and consequently all means of enforcing the decree of the court, "involves the merits of the action, or any part thereof."

The expression in question is not exactly novel in our judicial expressions, and as it enters very much into our present modes of procedure, and is frequently used in reference to a review of the decisions of our courts, it becomes material, not only in reference to the question now before us, but as a matter of general practice, to ascertain as far as practicable its meaning and application.

The line of separation is not always very strongly marked between questions which are purely of a discretionary character, and those which depend on some established principle. The practice and principles of the court are so intimately connected that it is sometimes difficult to determine whether a particular order shall be regarded as disposing of the rights of a party, or merely regulating the course of proceeding in a cause. Still it will be found that an approach has been made to a definite rule, and has perhaps gone so far as to enable us satisfactorily to determine the question now before us on well established principles.

---

[*] In the first Code of Procedure it was enacted that a pleading was good if "intelligible to the common understanding."

Cruger v. Douglass.

The jurisdiction of the late Court for the Correction of Errors, in reviewing the orders of the Court of Chancery, was, under the Constitution and the statute, very broad. Within the language used at one time, every order of the Court of Chancery might be reviewed, and any party, whenever aggrieved thereby, had a right to appeal. Yet the court of last resort, at an early day, attempted to provide a limit to a practice which might have transferred to that court the whole business of the Court of Chancery, and render a suit interminable as to time, and burdensome as to expense, beyond endurance.

That limit was found in a rule allowing appeals only from orders which involved merits.

The question arose as early as the year 1800, in the case of *Newkirk* v. *Willet* (2 J. Ca. 415), but was not then decided. It came up again in *Taylor* v. *Delancey* (2 Caine's Ca. 142); in *Trustees of Huntington* v. *Nicholl* (3 John. R. 56); and in *Mc Vickar* v. *Wolcott* (1 J. R. 510).

In none of these cases was the point determined, though in all of them it was conceded that there were some orders of the Court of Chancery which were not appealable, and it was intimated that all orders affecting the merits were not of that character. In the case of *Burt* v. *Street* (9 John. R. 443), however, the question was distinctly passed upon by the Court of Errors. An order awarding an attachment to bring up a party to answer for an alleged contempt, was held not to be appealable because it did not affect the merits, and KENT, Ch. J., and SPENCER, J., who delivered opinions, ruled that orders relating to the process and practice of the court — mere practicable orders, were not appealable. In *Travis* v. *Waters* (12 J. R. 510), PLATT, J., who delivered the prevailing opinion in the Court of Errors, held that an order of the chancellor upon a point of practice, was not the subject of appeal. In that case, as well as in *Classon* v. *Shotwell* (12 J. R. 31), it was also held that an order merely resting in the discretion of the court below, was not the subject of an appeal.

From that day to this it has been the established rule that

an order involving mere questions of practice and proceeding, or resting in discretion, did not involve the merits, and therefore was not the subject of an appeal.

This seemed to be as near an approach to a definite rule as the courts were able to arrive at, yet it was not without difficulties in its application. The question has been frequently before the courts, and the rule has been adhered to with no other qualification or modification that I can discover, than to regard as appealable all orders which affect the substantial rights in controversy between the parties.

Thus an order granting or dissolving an injunction was appealable because the merits had directly to be considered (*Mc Vickar* v. *Walcott,* 4 J. R. 610; *see,* also, 16 Wend. 373; *Simpson* v. *Hart,* 14 J. R. 65; *Martin* v. *Dwelly,* 6 Wend. 11); but an order appointing a receiver was not because it was aside from the merits, did not pass upon the rights of the parties, but only related to the preservation of the property in dispute, *pendente lite.* (*Chapman* v. *Hamersley,* 4 Wend. 173). So an order awarding an attachment to bring up a party to answer for an alleged contempt was not appealable. (*Burt* v. *Street,* 9 J. R. 443), while an order adjudging a party to be guilty of the contempt, and directing his arrest therefor, was appealable. (*McCredie* v. *Senior,* 4 Paige, 378.)

So an order refusing to set aside an order taking a bill as confessed, was held not to be appealable, because it did not touch, though it might consequently affect, the merits, but related mainly to mere matter of practice, and rested in the discretion of the Court. (*Rowley* v. *Van Benthuysen,* 16 Wend. 369; *see,* also, 12 J. R. 31; *Murphy* v. *American Life Ins. and Trust Co.,* 25 Wend. 249.) But an order refusing to allow witnesses to be reëxamined was appealable, because it directly touched and affected the merits. (*Beach* v. *Fulton Bank,* 2 Wend. 225; *see,* also, *Tripp* v. *Cook,* 26 Wend. 150.)

. So, also, orders as to "costs" have been considered as the subject of an appeal, according as they were matters appurtenant to the merits, or depended merely on discretion. (*Owen*

v. *Griffith*, 1 Ves. 250; *Taylor* v. *Popham*, 15 id. 72; *Jenour* v. *Jenour*, 10 id. 562.)

So an order refusing a rehearing of a motion for instructions to a master as to examination of a witness, is not appealable ( *Williamson* v. *Heyer*, 4 Wend. 170), because the application was addressed purely to the discretion of the chancellor, but an order reviving a suit against the representatives of a deceased party is appealable where the rights of the party are affected by such revival. (*Roger* v. *Patterson*, 4 Paige, 450.)

So an order merely irregular cannot be appealed from (*Gibson* v. *Martin*, 8 Paige, 481), or one containing a mistake in an arithmetical calculation. (*Rogers* v. *Hosack*, 18 Wend. 329.)

From all these cases I gather this as the established rule, that as all orders in the progress of a cause necessarily, in some degree, affect the merits, so all are the subject of an appeal unless they relate merely to matters of practice and procedure, or rest in that discretion, which is not and cannot be governed by any fixed principles or rules, and that such rule was in the view of the legislature when it enacted the statute now under consideration.

This view of the statute will give harmony to our entire system of review, while otherwise it might be somewhat incongruous.

Thus a single judge, sitting in Special Term, has every question arising in the progress of a cause, from its commencement to final judgment, submitted to his determination. In all matters of practice, or resting merely in his discretion, his decision is final, but where that decision involves the merits as often as it may be made, and whatever shape it may assume, it is the subject of review at the General Term from time to time in the progress of the cause. From his decision nothing can go directly to the court of last resort. It must pass through the General Term, and whatever decision the court at its General Term may at any time pronounce, in any stage of the cause involving the merits, and affecting the final

judgment, may ultimately be reviewed in the Court of Appeals after a final judgment in this court, so that while in the Court of Appeals a cause can be reviewed only once, it may be reviewed in this court at its General Term, as often as any decision shall be made at a Special Term affecting the merits. And every decision made in this court, involving the merits, and necessarily affecting the final judgment, may ultimately be reviewed in the Court of Appeals.

But questions of practice, or resting merely in that discretion which can have no fixed rules, remain where they originated, and can go no further to plague the appellate tribunals with mere matter of form and discretion.

In this view of our system of appeals it must be apparent how important it is to withhold from the higher tribunals the incumbrance of mere practical matters, and at the same time to afford to parties the opportunity to review any matter affecting the substantial rights in controversy.

Section 349 of the Code, which, though not immediately applicable to this case, has been freely referred to as illustrating the meaning of the supplementary act, is in harmony with this view, and expressly excepts from an appeal any question of practice, unless it in effect determine the action, and precludes an appeal.

These considerations dispose of this motion, and render it unnecessary for us to examine any of the other questions which were raised on the argument. Most of them, indeed, belong only to the consideration of the main question involved in the appeal, and it would be clearly impossible to consider them in this connection.

The motion to dismiss the appeal must be denied without costs.

In the mean time, and until the appeal can be heard, there ought to be a stay of proceedings on the order of the Special Term, and the precept issued under it. We entertain strong doubts of the propriety of having granted that precept, inasmuch as it executes in part, at least, a decree which may ultimately be reversed on appeal. Formerly when orders of the

In the matter of Henrietta Hicks' will.

Court of Chancery could be appealed from without awaiting the final judgment, it was not of so much consequence about enforcing the execution of an interlocutory order, but now when such an order can be reviewed in the Court of Appeals only after final judgment it becomes the court to be very cautious how it executes an order in such a way as virtually to deny the right of appeal. Therefore it is that we think that proceedings on the precept ought to be stayed until we can determine whether it is proper to enforce the decree of the General Term before a final judgment shall be rendered.

EDWARDS and MITCHELL, JJ., concurred.

Motion denied without costs.