The Chancellor.
The bill exhibited in this cause in the Court of Chancery was on behalf of an infant complainant. The object of the bill was to obtain an account from the defendants of an estate in their hands as the executors of the will of the father of the infant, and also for proper allowances out of the estate for her maintenance and education. After the answer of the defendant came in, a petition was filed praying an allowance as well for the purposes of education and maintenance pendente lite, as also a proper allowance to enable the complainant to prosecute her suit. Upon a reference to a master and his report thereon, the Chancellor, on the 20th March, 1854, made an order, directing a certain sum of money to be paid to the *651 complainant, for the purposes named in her petition. This order was not appealed from. It still stands in full force,. A copy of it was served upon the defendants, and they neglected and refused to comply with it.
On the 14th September, 1854, the Chancellor made an order which, after reciting the one of the 20th March previous, and its due service according to the practice of the court — the refusal of the defendants to obey the same, and due notice of the then application — directed that an attachment issue against John Coryell and Alexander Coryell, two of the said defendants. From this order the defendants appealed to this court. The respondent now moves to dismiss the appeal, on the ground that no appeal can be taken from the order, it being a mere order in the progress of the suit, not affecting the merits of the cause, and by which the party appealing is not aggrieved. The counsel for the appellants insist that an appeal is given by the constitution and by statute, from every order made by the Court of Chancery in the progress of a cause, and that this court has no authority to limit this right, but must hear the appeal. The broad ground taken by the counsel would lead to much more mischief, and be more oppressive to parties, than an erroneous decree or order, which the right of appeal is intended to redress. But it is not warranted by the language or spirit of the constitution or the statute. In speaking of the Court of Appeals, the constitution declares, (Art. 6, see. 2, par. 5,) “ When an appeal from an order or decree shall be heard, the Chancellor shall inform the court, in writing, of the reasons for his order or decree.” This is all the constitution says upon the subject. The language, so far from justifying an argument that a party should have an appeal from any and every order the Chancellor might make in the progress of a cause, rather implies the contrary. In matters of practice, merely, or of discretion, what could be the object in the Chancellor’s furnishing the court with his reasons in writing ? The constitution contemplates that, in the regulation of the court by statute, and by the rules and regulations of the respective courts, a *652 party aggrieved may have redress by an appeal, and this the statute has secured to such party. It enacts (Laws of N. J. 921, § 80,) that all persons aggrieved by any order or decree of the Court of Chancery, may appeal from the same, or any part thereof, to the Court of Errors and Appeals. The rules of this court and of the Court of Chancery afford to such party the full benefit of the statute.
Without defining the character, or attempting to classify the orders of the Court of Chancery, which may, and may not be appealed from, it is certain there can be no appeal from an order by which the party is not aggrieved. The very object of the appeal is to redress an injury. If there is no injury to redress there can be no appeal. The object of the appeal cannot be attained. It cannot be what it is intended —a redress for an injury.
By a statute of New York, while the Court of Chancery existed there as at present in this state, an appeal was given almost in the same language as by our statute — “that all persons aggrieved by any sentence, judgment, decree, or order of the Court of Chancery, or Court of Probate, may appeal from the same, or any part thereof.” By repeated decisions of the courts of that state, it was decided that an appeal would not lie from any interlocutory order which did not involve a decision upon some matter touching the merits of a cause, and by which the party was aggrieved. See Newkirk v. Willet, 2 Johns. Cas. 115; Taylor v. Delaney, 2 Cai. Cas. 142; Trustees of Huntington v. Nicoll, 3 Johns. 566; McVickar v. Wolcott, 4 Johns. 510; Buell v. Street, 9 Johns. 443; Travis v. Waters, 12 Johns. 510; Clason v. Shotwell, 12 Johns. 31; Simpson v. Hart, 14 Johns. 65; Chapman v. Hammersley, 4 Wend. 173; McCredie v. Sendor, 4 Paige 378; Rowley v. Van Benthuysen, 16 Wend. 369, 12 Johns. 31, ed. 249 ; Brack v. Fulton Bank, 2 Wend. 225; Tripp v. Cook, 26 Wend. 150; Williamson v. Heyer, 4 Wend. 170; Rogers v. Patterson, 4 Paige 450; Gibson v. Martin, 8 Paige 481; Rogers v. Hosack, 18 Wend. 329. These cases are all cited in Cruger v. Doughlass and others, 8 Barb. Sup. C. Rep. 81.
*653 The order appealed from in this case is nothing more than an order directing process to bring in the parties to answer for an alleged contempt. An appeal from an order awarding process of subpoena would lie with quite as much propriety. It cannot' be said that the party is aggrieved by such an order. He is not, and unless he is aggrieved he is not entitled to an appeal.
This is not an order to carry into effect, or execute, an order or decree of the court, but operates as a rule to show cause why such order should not be executed.
This whole matter is very satisfactorily investigated by Judge Potts, it the case of the A.tt’y-Gen’l v. The Pres’t and Council of the City of Paterson, in an opinion delivered in June term last of this court. In reviewing the positions then taken, the court do not now see any ground for dissenting from them.
But there is another ground for denying this appeal. It appears by the proceedings before us, that process was issued upon this order — that the appellants were brought before the court, entered their appearance according to the rules of the court, and actually answered interrogatories exhibited before a master. What redress, then, can the appellants obtain by this appeal ?
One of the grounds for dismissing the appeal in Trustees of Huntington v. Nicoll, 3 Johns. Rep. 587, was that there was nothing upon which a judgment of reversal could operate. In that case there was an appeal from an order for a temporary injunction which had expired. In the decision of the case it is aptly remarked that to pronounce a nugatory and idle judgment, which the court has not the power to enforce, is incompatible with the solemnity and dignity of judicial proceedings.
If this appeal should be maintained, and the order appealed from set aside, the appellants can derive no benefit from the judgment of this court. The object of the order has been attained. The order has been executed. There is no redress which this court can give to the appellants.
*654 To sustain this appeal would be oppressive to all parties, and no possible benefit can be derived from it by any one.
Let the appeal be dismissed, with costs.
Appeal dismissed unanimously.