JOHN A. HOTTENSTEIN v. O. W. CONRAD.

*Error from Allen County.*

ERROR.—A receiver was appointed by the judge of the district court, at chambers. Afterwards the defendant below made a motion before said judge, at chambers, to vacate said appointment and discharge the receiver. The judge overruled said motion. *Held.* That the action of the said judge as aforesaid is not reviewable in this court.*

The facts of the case are stated in the opinion of the court.

*Voss & McComas*, for plaintiff in error.

*Thurston & Cates*, for defendant in error.

*For plaintiff*, it was insisted:

1.　The judge could revoke the order appointing a receiver. *Gen. Stat.*, 304, § 2.

---

*FINAL ORDER.—An order by a judge, at chambers, appointing a receiver is not a "final order" or one "involving the merits of the action" within the meaning of subd. 2, section 542, civil code, [Gen. Stat., 736] but is merely an interlocutory order in a provisional remedy.

2. This question of the motion to vacate the appointment, is reviewable here. *Gen. Stat.*, 735, §§ 552–53.

3. Upon the question of error in the order of the judge, in appointing the receiver, it seems to us there can be no doubt. We submit, as a general rule: A receiver in an *ex parte* proceeding will never be appointed until the time for the appearance and answer of the defendant has expired.

4. The only exception to this rule is where the property, which is the subject matter of the controversy, is in imminent danger of waste or destruction. This case by no means comes within the exception, because there is no averment of any such state of affairs, or of anything which shows the property was not just as safe in the hands of Hottenstein, defendant, as in the hands of the receiver. *See Edwards on Receivers*, 13, 14; *Dowling v. Hudson*, 14 *Beaver*, 423; *Stanford v. St. Clair*, 8 *Paige C. R.*, 373; *Gibson v. Martin*, 8 *Paige C. R.*, 841.

5. Receivers will not be appointed where the partnership is denied, unless in extreme cases to prevent waste. *See Edwards on Receivers;* 8 *Paige*, 326–27; *Peacock v. Peacock*, 16 *Ves.*, 49; *Goulding v. Bain*, 4 *Sanf.*, *Sup. C. R.*, 716; *Willard's Eq.*, 332.

*Thurston & Cates*, for defendant in error, submitted:

1. An order of a judge of the district court, at chambers, granting an application for the appointment of a receiver, is an interlocutory order. All final orders rendered by judges or courts of competent jurisdiction, since they ascertain and determine all rights directly in issue, are absolute and irrevocable; and the right to reconsider such order rests upon some positive and express provision of law. Section two, chapter twenty-eight, general statutes, provides that district judges shall have and exercise

such powers, at chambers, as are granted by law, except in cases of necessary interlocutory orders, in which unlimited powers are given.

2.    Then, if the order in question be a final order, and no powers are expressly conferred upon district judges to vacate such orders, it is reviewable only upon error to this court, within the time and in the manner prescribed by law, and as the *record presents no exceptions to the original order*, the plaintiff in error has lost his remedy. *See the Mayor, etc., of New York, v. Schermerhorn and others,* 1 *Comstock*, 423.

4.    The order complained of, refusing to vacate the order appointing the receiver, is not a final order within the meaning of first subdivision, section 542 of the code, [*see* 1 *Comst.*, 423 *before cited; also* 4 *Wendell,* 173 *and notes;* 4 *Comstock,* 416; 1 *id.*, 535; 1 *id.*, 534; 5 *Selden*, 557,] and must come within the provisions of that part of second subdivision which relates to provisional remedies, otherwise it is not reviewable in this court; but it neither discharges, vacates or modifies a provisional remedy. Neither does this order affect any substantial right in this action, or any substantial right of the defendant below, not involved in the original order.

4.    We insist that, admitting every material fact submitted on the part of the defendant below to be true, the legal existence of the partnership, as between the parties, is not put in issue. *See Smith's Leading Cases, Vol.* 1, 613–14–15–16.

5.    But to authorize the judge to appoint a receiver in this action, it was only necessary that the plaintiff below should establish a *prima facie* interest in the property in controversy. *See Sheldon v. Weeks,* 2 *Barb.*, 532; *Couro v. Gray,* 4 *How.*, 166; 4 *Wend.*, 173; 1 *Ch. R.*, 87.

6. In considering the case presented to this court, it is important that we should preserve the distinction recognized by the authorities between applications for the appointment of a receiver before dissolution of partnerships, as well as the many other cases in which receivers may be appointed, and that of partners after dissolution.

7. In applications between partners, after dissolution, it is only necessary to establish a probable interest in the fund or property, and to show exclusion or some fact which would prevent the settling up of the affairs of the partnership. *See Geortner v. Village of Conajaharie*, 2 *Barb.*, 625; *Connah v. Sedgwick*, 1 *Barb.*, 210; *Martin v. Van Schaick*, 4 *Paige*, 479; 1 *Story's Eq. Jur.*, § 672, 4 *Ed.*

8. The question of solvency or insolvency is immaterial, when one partner, after dissolution, or the determination of the partnership, excludes the other partner from all participation in the affairs of the partnership, and all exercise or control over the partnership effects, thereby making his own possession wrongful and fraudulent, it is a proper case for a receiver, however responsible the defendant may be. [*See authorities already cited.* 4 *Paige*, 479.]

The appointment of a receiver rests in the sound discretion of the court, and is not reviewable in this court, except to prevent abuse of that discretion. *See* 2 *Story's Eq. Jur.*, §§ 831-2.


*By the Court,* VALENTINE, J.


In this case a receiver was appointed by the judge of the district court, at chambers. Afterwards the defendant below, who is plaintiff in this court, made a motion

before said judge, at chambers, to vacate said appointment and discharge the receiver. The judge overruled said motion, and this ruling the plaintiff in error claims was erroneous, and brings the question here for review.

The first question, however, for our consideration is whether the Supreme Court has any authority to review either of the aforesaid orders of the said district judge.

The said judge after making the order appointing the receiver, undoubtedly had authority upon a proper showing to vacate the same, [*Gen. Stat.*, 304, § 2;] and if he had done so, then we would undoubtedly have authority under the statute [*Subdivision* 2, § 542, *Gen. Stat.*, 736] to review his action, but he did not vacate said order, but continued the same in force.

Now where can any authority be found for our interference? We know of none, and none has been pointed out to us. The orders that the said judge, at chambers, made are not *final* orders; neither are they orders that involve the *merits of the action* or any part thereof, but they are simply *interlocutory* orders in a *provisional* remedy. [*Chapman v. Hammersby*, 4 *Wend.*, 173, *and note and cases there cited; Willard's Eq. Jur.*, 332; 2 *Story Eq. Jur.*, § 831.] Neither did the said judge *discharge, vacate or modify* any provisional remedy. [*See Subdiv.* 2, § 542, *Gen. Stat.*, 736.] He simply granted a provisional remedy and then continued the same in force by refusing to vacate it.

We, therefore, think we have no authority to review the said action of the judge below.

The petition in error must be dismissed.

All the justices concurring.