Per Curiam:

The object of the petition in error in this case is to reverse an order of the probate judge of Labette county, appointing a receiver in an action then pending in the district *162 court of said county. The question of the sufficiency or insufficiency, or the validity or invalidity of the appointment of the receiver, was never submitted to the judge of'the district court, and he has never made any order with respect thereto or concerning the appointment of a receiver; but the proceeding in error is brought directly into this court to reverse the order of the probate judge.
Now the supreme court has no authority to reverse, vacate or modify any judgment or order made by the probate court, or made by the judge of the probate court while acting in the capacity of judge of the probate court. (Civil Code, art. 22, §§ 540-543.)
In this case, however, we suppose the judge of the probate court was acting or intending to act in the capacity of an officer of the district court, and it would be proper for us to treat the order as though it had been actually made by the judge of the district court himself. But still, the supreme court has no jurisdiction in the matter. (Hottenstein v. Conrad, 5 Kas. 249.)
In whatever manner we may view the order of the judge of the probate court, the supreme court has no jurisdiction to reverse, vacate or modify it. Hence, the petition in error must be dismissed.