THE KANSAS ROLLING MILL COMPANY v. THE ATCHISON, TOPEKA & SANTA FÉ RAILROAD COMPANY.

RECEIVER — *Order Appointing, Not Reviewable.* Where a judge of the district court makes an order at chambers appointing a receiver, *held*, that such order of itself and alone is not reviewable by the supreme court; following the case of *Hottenstein v. Conrad,* 5 Kas. 249.

*Error from Wyandotte District Court.*

ACTION by *The Railroad Company* against *The Rolling Mill Company,* to recover $7,051$\frac{24}{100}$, alleged to be due on an account. March 21, 1883, the plaintiff obtained from Hon. Wm. R. Wagstaff, judge of the district court, at chambers, an order appointing a receiver for the property and business of the defendant company, which order the judge afterward modified, but refused to vacate. The defendant brings this order here for review.

*Stevens & Stevens, C. W. Blair,* and *J. Brumback,* for plaintiff in error.

*Geo. R. Peck,* and *A. A. Hurd,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This is a petition in error brought to this court for the purpose of reversing an order of the judge of the district court of Wyandotte county, made at chambers, appointing a receiver for the property and business of the Kansas Rolling Mill Company. In the case of *Hottenstein v. Conrad,* 5 Kas. 249, it was held that such an order is not reviewable by the supreme court; but the plaintiff in error, the Kansas Rolling Mill Company, challenges that decision, and claims that under the peculiar provisions of §§ 542 and 543 of the civil code, the preliminary or interlocutory order, as the case may be, appointing a receiver is "a final order," and therefore reviewable by the supreme court as such. Now if such an order is reviewable because it is "a final order,"

and no authority can be found in the statutes or elsewhere making it reviewable for any other reason, then an order that "discharges, vacates, or modifies a provisional remedy, or grants, refuses, vacates, or modifies an injunction" would also and by the same reasoning be "a final order," and for that reason alone be reviewable by the supreme court; and the legislature would be chargeable with the inexcusable folly of enacting "*First*," that "a final order," (including these orders,) should be reviewable in the supreme court, and then in the same section enacting, "*Second*," and specifically that these orders should be thus reviewable. The reasoning of the plaintiff in error will include these orders as "final orders," and make them reviewable in the supreme court as final orders, as well the order appointing a receiver.

The decision in the case of *Hottenstein v. Conrad* was made in 1869, and has remained unchallenged up to the present time, fourteen years, and we do not think that this court ought now to disturb it. If the district court, or a judge thereof, improvidently appoints a receiver, such court or judge has ample authority, upon a proper showing being made, to vacate and set aside such appointment; and hence it will seldom if ever happen that any material injustice will be done by the district court, or by the judge thereof, in appointing receivers.

The case will be dismissed from this court.

BREWER, J., concurring.

HORTON, C. J.: I am of the opinion that the action of the district judge in appointing the receiver is an order made in a special proceeding affecting a substantial right, and therefore reviewable on petition in error in this court. (Code, § 543; *Watson v. Sullivan*, 5 Ohio St. 42; *Railroad Co. v. Sloan*, 31 id. 1.)

I am also of the opinion that the case of *Hottenstein v. Conrad*, 5 Kas. 249, should be overruled. Hence I do not concur in the foregoing opinion.