[ Filed November 4, 1889. ] ·

## JAMES STEEL, RESPONDENT, *v.* JOSEPH HOLLADAY, APPELLANT.

RECEIVERS—APPEALABLE ORDERS.—An order requiring a receiver to join an administrator in the sale of certain property in which the estate had an interest, and which was in the hands of such receiver, is not an appealable order.

Such an order relates entirely to the management of the property held by the court through its receiver, and in no manner affects his interests.

APPEAL from the circuit court for Multnomah county.

*Williams & Wood*, and *Mitchell & Tanner*, for Respondent.

*R. & E. B. Williams*, for Appellant.

STRAHAN, J.—Joseph Holladay, being the receiver, with George W. Weidler, of certain property of the late Ben Holladay, appointed by the circuit court of Multnomah county in a proper proceeding pending before it, was required by said court, by an order duly made, to join James Steel, administrator with the will annexed of said Ben Holladay, in a sale of said property, for the purpose of paying the debts of said deceased, from which order this appeal is taken. A motion was made to dismiss the appeal on the ground that the order is not an appealable one, and by consent of counsel said motion was submitted at the hearing, in connection with an argument upon the

merits by the respective counsel. The motion to dismiss the appeal will be first considered.

Section 535, Hill's Code, declares in what cases an appeal is allowed, as follows: "A judgment or decree may be reviewed as prescribed in this title, and not otherwise. An order affecting a substantial right, and which in effect determines the action or suit so as to prevent a decree therein, or a final order affecting a substantial right, and made in a proceeding after judgment or decree for the purpose of being reviewed, shall be deemed a judgment or decree." The only question is, is this "a final order affecting a substantial right, made in a proceeding after judgment or decree?" Two objections have been suggested in support of the motion to dismiss: (1) That the order appealed from is not final, and (2) that it does not affect a substantial right. These two objections may be considered together. It is not perceived on what ground the finality of this order can be placed, or in what manner it affects a substantial right. A receiver is the officer of the court appointing him, and subject to its orders and control in respect to the property coming into his possession, and any interference with such property by an unauthorized person is punishable as a contempt of court. Beach, Rec. § 237; 3 Pom. Eq. Jur. § 1336. An order refusing to vacate the appointment of a receiver was held not appealable in *Hottenstein* v. *Conrad,* 5 Kan. 249, which was followed in *Rolling Mill Co.* v. *Railroad Co.,* 31 Kan. 90, on the ground that such an order was not "a final order," and this authority was again followed in *Anderson* v. *Higgins,* 35 Kan. 201. So in *Stebbins* v. *Savage,* 5 Mont. 253, it was held that an order appointing a receiver was not subject to appeal; and the like ruling was made in *United States* v. *Late Corporation, etc.,* 16 Pac. Rep. 723. And in *Farson* v. *Gorham,* 7 N. E. Rep. 104, it was held that an order removing a receiver was not a final and appealable order, within section 67 of the practice act, and that a case could not be taken piecemeal to the supreme court. So in *Ostrander* v. *Weber,* 21 N. E. Rep. 112, it was held that orders appoint-

ing a receiver, directing a sale, etc., are not reviewable, they being proper to the action, and within the discretion of the court, and the action being of equitable cognizance, and the same principle is, in effect, announced in *Emeric* v. *Alvarado*, 64 Cal. 529; *Forgay* v. *Conrad*, 6 How. 201. Cases may be found where an appeal by a receiver has been entertained; but such appeal was generally from an order or decree that was final,—such as the allowance or disallowance of compensation, the distribution of the fund in court, and the like; but in every such case the order must not be interlocutory merely, but final. The order appealed from in this case was in no sense final, nor did it in any manner affect any substantial right of the appellant.

It follows that the order appealed from was not an appealable order, and the motion to dismiss must be allowed.