MCGREGOR *v.* BUEL.

The statute (ch. 460 of 1837, § 22), upon affidavit of the intention to file objections against the granting of letters testamentary to one of several executors, requires the surrogate to suspend the grant of letters as well to any of the executors not objected to as to those who are.

The issuing of special letters of administration to a collector is discretionary with the surrogate, and though his refusal to appoint such collector

be put on the ground of his having (erroneously) issued letters testamentary to an executor, this does not render his discretion the subject of review, on appeal. The remedy, if any, is by mandamus.

APPEAL from the Supreme Court. Two different instruments were propounded to the Surrogate of Saratoga county for probate as the last will and testament of James McGregor, deceased; after hearing the proofs the surrogate made a decree admitting one of the instruments to probate, and directing letters testamentary to issue to James McGregor, one of the executors named in such instrument. One of the legatees, named in the will, filed an affidavit stating that he intended to file objections against the granting of letters testamentary to Duncan McGregor, who was also named as executor in the will. Whereupon the surrogate ordered that the granting of letters testamentary to Duncan McGregor be stayed for thirty days. The decree was affirmed at general term in the fourth district.

*Judiah Ellsworth,* for the appellant.

*William A. Beach,* for the respondent.

DENIO, J. Duncan McGregor appeals from so much of the surrogate's order as grants letters testamentary to his brother James, and suspends his application for letters until the objections against him as an executor are heard. Duncan and James McGregor, were named executors in the testamentary papers which are established. As soon as the determination of the main question was announced, James applied for letters; but as to Duncan, the coëxecutor, an affidavit was made by Buell that he intended to file objections against the issuing of letters to him. Upon this a question arose whether it was the duty of the surrogate immediately to issue letters to James, against whom there was no objection, and afterwards to issue further letters to Duncan, or to refuse them, according to the result of the inquiry as to his fitness; or wholly to suspend the issue of letters until the inquiry should be made so that all the per-

sons entitled to them should be ascertained. I see no special objection arising out of the character and office of an executor to the issuing of letters from time to time, as qualified persons should appear; for each executor is accountable only for his own proper act or default, and a single executor duly clothed with letters is entitled to represent the estate. But I am of opinion that the legislature have determined that where there is an objection to one of several executors, the issuing of letters is to be suspended as to all until the objections have been determined. The statutory provisions are as follows: Letters testamentary may be granted at any time after the will shall be proved, unless an affidavit shall be made by a legatee, &c., that he intends to file his objections against the granting of such letters to the executors named in the will or some one or more of them, "and upon filing such affidavit with the surrogate he shall stay the granting of letters testamentary for at least thirty days, unless the matter shall be sooner disposed of." (Laws, 1837, ch. 460, § 22.) The natural meaning of these provisions certainly is, that where an affidavit is made against one or more of several executors, the act of granting letters testamentary on the will is to be stayed, not merely as to the executors objected to, but generally. It would have been easy to have qualified the directions to suspend, so that it should relate only to the executor objected to, and this I think would have been done if that had been the intention of the legislature. The necessity of having letters issued as soon as there is one person entitled to take them is not so great as to require a forced construction of the statute to accomplish that result. A provision in section 5 (2 R. S., 70), countenances this construction. It provides for the issuing of supplementary letters when one of several executors was under the disability of nonage, alienage or coverture, at the time the will was proved, and the disability has been subsequently removed. The supplementary letters are to authorize the persons named in them to join in the execution of the will with the persons previously appointed. This, while it proves that there is nothing incongruous in successive letters, shows at the same time that the

only case contemplated by the legislature for supplementary letters, is that of a particular disability afterwards removed. I am therefore of the opinion that it was erroneous to issue letters to James McGregor, until it was ascertained whether Duncan was also to be named in them.

The branch of this appeal which relates to costs is not well taken. Costs are expressly made discretionary by the statute and we cannot revise the discretion of the surrogate.

The same consideration is fatal to the appeal of Mrs. Vanderwaker and Alexander McGregor, who moved the surrogate for the issuing of special letters of administration, to collect and preserve the property pending the appeal. The statute, in terms, makes the granting of such letters discretionary; and the propriety of issuing or withholding them is plainly dependent upon the exigencies of the estate, the amount and situation of the estate and other circumstances which require to be judged of summarily, and are not suitable to be litigated through the courts upon appeal. The determination of the surrogate upon such questions is, as it should be, summary and exclusive. The surrogate put his refusal to consider the application for special letters, on the ground that he had already issued general letters to James McGregor. If these letters were void, as probable they were, they formed no impediment to his appointment of a collector; but this circumstance will not make the question, which is discretionary in its nature, reviewable on appeal. A mandamus might lie to compel him to hear and determine the application on the merits; but an appeal does not.

The judgment of this court is that the judgment of the Supreme Court affirming the surrogate's decree, so far as it determines what testamentary papers should be admitted to probate and what papers are to be refused probate, be affirmed, with costs, to be paid by the appellant, James Buel; but as to that portion of the decree which awards letters testamentary to James McGregor, it be reversed, without prejudice however, to any future application to be made by said James, for letters to himself separately or jointly with Duncan McGregor. The

judgment of affirmance by the Supreme Court, of the order made upon the application of Mrs. Vanderwaker and Alexander McGregor, must be affirmed.

All the judges concurring,

Ordered accordingly.