IN THE MATTER OF THE ALLEGED WILL OF HARRIET CHASE, DECEASED.

*Temporary administrator — the special guardian of an infant may apply for his appointment — the discretion of the surrogate in granting the application will not be reviewed — Code of Civil Procedure, sec. 2668.*

Pending a contest over the admission of the will of Harriet Chase, deceased, to probate, one Taggart, who had been appointed special guardian for James Chase, the infant child and only heir-at-law of Harriet, applied for the appointment of a temporary administrator. The petition was made and signed and verified by him. It recited the facts as to the contest and his appointment, and that James was the only child and heir-at-law. The motion was made upon the proceedings theretofore had and the petition.

*Held*, that an objection that the petitioner was not a person interested in the estate or authorized to make the petition was properly overruled by the surrogate.

The appointment of a temporary administrator is confided, by section 2668 of the Code of Civil Procedure, to the discretion of the surrogate, and with the exercise of this discretion the court will not interfere where a case is made out within the terms of the statute.

APPEAL from an order of the surrogate of Jefferson county, appointing one John D. Ellis temporary administrator of the goods, ·etc., of Harriet Chase, made September 3, 1883.

In June, 1883, Harriet Chase, a resident of Antwerp, Jefferson ·county, died, leaving James Chase her only child and heir-at-law, an infant aged about fourteen years. John P. Douglass, who was named ·as an executor in the will of the deceased, instituted proceedings for the probate of her will and codicil, before the surrogate of Jefferson county, and thereupon the surrogate duly appointed Wm. W. Taggart ·special guardian of the infant, and he appeared and filed objections to the will and codicil as guardian for the infant after the will had been filed for probate. Thereupon the witnesses were examined. While the proceedings remained pending and undetermined, and

on August 18, 1883, Taggart signed in his own name, individually, and verified a petition for an order appointing a temporary administrator. The petition stated that James Chase was the only child and heir-at-law of the deceased, and set forth the petitioner's interest as to the probate of the will and his appointment as special guardian.

On the return day of the notice the parties appeared in the Surrogate's Court and the executor took two objections to any proceedings on the petition. 1. Because the petitioner was not a person interested in the estate of Harriet Chase or a person authorized to make the petition. 2. That the petition did not show facts giving jurisdiction. These objections were overruled and the executor excepted.

*Lansing & Rodgers,* for John P. Douglass, as executor, etc., appellant.

*C. W. Thompson,* for William W. Taggart, special guardian, respondent.

HARDIN, J.:

The notice of the application for the appointment of a temporary administrator was given ten days before the application was made. That was a compliance with section 2669 of the Code of Civil Procedure. It stated "that on the proceedings heretofore had and upon the foregoing petition" the application would be made. That authorized the moving party to read his petition, and the proceedings already had in the Surrogates' Courts. By them it appears Mr. Taggart had been appointed special guardian for the infant James Chase, and that he was the only heir-at-law of deceased. The application was made in his behalf. The petition in its concluding words read, viz.: "Wherefore your petitioner as such special guardian prays that a temporary administrator of the goods, chattel and credits of said Harriet Chase, deceased, may be appointed."

The application *being that of the infant,* was by "a person interested in the estate" of which the surrogate had jurisdiction. The proceedings and petition showed all the jurisdictional facts, and the Surrogate's Court was called upon to exercise its discretion under section 2668 of the Code of Civil Procedure. That section confides to the "discretion" of the surrogate the power to issue letters of

temporary administration" in certain enumerated cases. This case is one of those named in the statute, as where delay necessarily occurs in granting letters testamentary or of administration in consequence of a contest arising upon an application therefor or for probate of a will." (Sec. 2668, sub. 1.) The section expressly confers a discretion upon the Surrogate's Court, and we ought not to set aside the result of his discretion, as a proper case within the terms of the statute was made. Three dairy farms, with the usual personal property thereon, needed attention, and there was some $25,000 of personal property left by Mrs. Chase. Before this section of the Code was adopted, a similiar power was vested in a surrogate, and it was held by the Court of Appeals that its exercise was discretionary, and that court refused to review the discretion. (*McGregor* v. *Buel*, 24 N. Y., 169.) In that case Judge DENIO said "the determination of the surrogate upon such questions is, as it should be, summary and exclusive.

Our attention is directed to the case of *The Buffalo Catholic Institute* v. *Bitter* (87 N. Y., 255), and a suggestion is made that the petition within the doctrine of that case was the individual petition of Mr. Taggert and not that of the infant by its guardian. But in that case there was no averment that showed the contract was made in a representative capacity. Judge ANDREWS says "there is no averment that Fornes was president of the plaintiff or its agent, or made the contract as such, or that it was intended as a contract between Weisser and the plaintiff."

In the case in hand the petition and the proceedings pending before the surrogate clearly pointed out an application made in behalf of James Chase the infant sole heir of his mother, of whose estate the surrogate had acquired jurisdiction.

Order affirmed, with ten dollars costs and disbursements.

SMITH, P. J., and BARKER, J., concurred.

Order affirmed, with ten dollars costs and disbursements.