Dietz *v.* Dietz.

SAMUEL DIETZ, appellant,

*v.*

JEANIE DIETZ, respondent.

Two wills were offered for probate, one by decedent's brother, the other by his widow, and a *caveat* filed against each will by the proponent of the other. Both parties applied for the appointment of an administrator *pendente lite*, and the orphans court thereupon appointed a person not interested in the estate nor related to either party, and required him to give a bond for $10,000. From this appointment the brother appealed.—*Held,* that, as he had himself applied for the appointment of such administrator, and had no claim to the office, and as the selection of the appointee and the amount of security required of him were wholly within the discretion of the court, the brother was not "a party aggrieved" by the order, and consequently not entitled to an appeal.

Appeal from order of Essex orphans court. Motion to dismiss appeal.

*Mr. Cortlandt Parker,* for the motion.

*Mr. John Linn, contra.*

THE ORDINARY.

The proceedings from which the appeal in this case arose were,

NOTE.—As to the power of the court to appoint an administrator *pendente lite,* and when it will be exercised, see, also, *Lothrop's Case,* 6 *Stew. Eq. 246, note; Mortimer* v. *Paull, L. R. (2 P. & D.) 85 ; Wade* v. *Bridges, 24 Ark. 569 ; Crozier* v. *Goodwin, 1 Lea 363 ; Sarle* v. *Court of Probate, 7 R. I. 270 ; Calvert* v. *Williams, 9 Gill 172 ; Hicks* v. *Hicks, 12 Barb. 322 ; Wright* v. *Rogers, L. R. (2 P. & D.) 179; Walker* v. *Dougherty, 14 Ga. 653 ; Mangum* v. *Cooper, 28 Ark. 253.*

If there is a dispute about the granting of letters, the court *may* appoint the executor or administrator the administrator *pendente lite, Cain* v. *Warford, 3 Md. 454; Doak's Case, 46 Cal. 573.; or by consent of the litigants, De Chatelain* v. *Pontigny, 1 Sw. & Tr. 34; Colvin* v. *Fraser, 2 Hagg. 613.*

Ordinarly, neither of the litigants will be appointed, *Mootrie* v. *Hunt, 4 Bradf. 173 ; Crandall* v. *Shaw, 2 Redf. 100 ; Howard* v. *Dougherty, 3 Redf. 535 ; Cornwell* v. *Cornwell, 1 Dem. (N. Y.) 1.*

Dietz v. Dietz.

on the one hand, the propounding by the appellant, Samuel
Dietz, for probate of a paper purporting to be the last will of his
brother, James Dietz, deceased, and the *caveat* of the widow of
the latter against it, and, on the other hand, the propounding by
her for probate of another paper purporting to be the last will of
the deceased, and the *caveat* of the appellant against it. Both
parties applied for the appointment of an administrator *pendente
lite*, and the court accordingly appointed George Hartford such
administrator, requiring him to give bond in the sum of $10,000.
From that order, and every part thereof, Samuel Dietz appealed,
and the widow's counsel now moves to dismiss the appeal. The
record is before me, and the parties have been heard on due
notice. Inasmuch as the order was made on the application of
the appellant, his objection to it must be either to the person
appointed or to the amount of bond required, or both. But both
of those matters were in the discretion of the court. The appel-
lant has no claim to the administration on the ground of kinship,
for the statute establishing the right to administration does not
apply to administrations *pendente lite*. It is the practice of the
court to decline to put a litigant party in possession of the prop-
erty by granting administration, pending suit, to him. It always
grants it, where requisite, to a nominee presumed to be indifferent
between the contending parties. *1 Wms. on Exrs. 498 ; Northey*
v. *Cock, 1 Add. 326.* The selection of the appointee and the fixing

No appeal lies from the appointment of an administrator *pendente lite, Pratt*
v. *Kitterell, 4 Dev. 168 ; McClanahan* v. *McClanahan, 12 Heisk. 379 ;* although
an appeal was held to lie from a refusal to appoint, *Gresham* v. *Pyron, 17 Ga.
263 ;* or, an application to chancery to prevent the removal of the assets from
the state, *Watson* v. *Bothwell, 11 Ala. 650 ; Robinson* v. *Robinson, Id. 947.*

A *mandamus* to compel the court to appoint was allowed in *Palms* v. *Wayne,
39 Mich. 302 ;* and see *McGregor* v. *Buel, 24 N. Y. 166 ; Anon., 1 Stra. 525 ;
State* v. *Mitchell, 3 Brev. 520.*

The next of kin has no right to the appointment, nor a right to select the
appointee, *Lamb* v. *Helm, 56 Mo. 420 ;* and so of a guardian *ad litem, Quick* v.
*Quick, 10 Jur. (N. S.) 372 ;* or *prochein ami, Leavitt* v. *Bangor, 41 Me. 453 ;* see
*Clavidge* v. *Crawford, 1 Dowl. & Ry. 13 ;* or administrator *durante minore aetate,
1 Wms. on Exrs. [481]* ; *Watson* v. *Warnock, 31 Ga. 694;* or *de bonis non,
Russell* v. *Hoar, 3 Metc. (Mass.) 187 ; 1 Wms. on Exrs. [462], [475]* ; *Johnson's
Goods, L. R. (7 Irish Law) 1.*—REP.

·of the amount of his bond being wholly in the discretion of the ·court, no appeal will lie from its action on either of those heads. In *McGregor* v. *Buel, 24 N. Y. 166,* it was held that the appointment of an administrator *pendente lite* being by the statute of New York left to the discretion of the surrogate, an appeal would not lie from his order making such appointment. The appellant in this case is not a " person aggrieved," by the order. It has been held that a "person aggrieved" under our constitutional (and legislative) provision for appeal from the orphans court to this court, is one whose pecuniary interest is directly affected by the order or decree—one whose right of property may be established or divested by the order or decree. *Swackhamer* ·v. *Kline's Admr., 10 C. E. Gr. 503.* The effect of allowing the appeal in this case would be to stay all action on the part of the administrator until the appeal should have been determined, and to leave the estate unprotected in the meantime, when both parties agree, as appears by their application for the appointment of an administrator *pendente lite,* that it needs such protection. And if the appointment in question is a subject of appeal, a like appointment by this court would be so also. The appeal will be dismissed, with costs.