NEW YORK COUNTY.—HON. D. G. ROLLINS, SURROGATE.—June, 1887.

## MATTER OF SEARS.

*In the matter of the estate of* ISAAC H. SMITH, *deceased.*

Where the circumstances of one of two testamentary trustees are such as not to afford adequate security for the proper discharge of his duties, he cannot be relieved from furnishing a bond by establishing the solvency and responsibility of his associate.

PETITION of Lydia E. Sears, *cestui que trust* under decedent's will, for a decree requiring Clarence H. Smith, the trustee, to give security for the performance of the duties of his trust.

BANGS, STETSON, TRACY & MCVEAGH, *for petitioner.*

NATHAN LEWIS, *for trustee.*

THE SURROGATE.—Section 2815 of the Code of Civil Procedure provides that a testamentary trustee may be required to give security for the performance of his trust, under circumstances which would warrant the exaction of security as a condition precedent to the issuing of letters testamentary to an executor.

Section 2636 provides that, after a will has been admitted to probate, the person named therein as executor, if competent to serve, etc., is entitled to letters testamentary, unless, before such letters are granted, a creditor or person interested in the estate interposes legal objections to their issuance. One of such legal objections is discovered to exist, if the "circumstances" of the executor whose claim to letters is challenged, "are such that they do not afford adequate security . . . . for the due administration of the estate. Section 2638 provides that, in spite of an objection of that character, an executor may entitle himself to letters by giving a bond as prescribed by law.

Now, it has been held that where a will names two or more persons as its executors, and an objection has been interposed to the grant of letters to one of them and to one only, the issuance of letters should be suspended not only as to him but as to any and all of his co-executors, until the question raised by the objection has been determined (McGregor v. Buel, 24 N. Y., 166).

It would seem to follow that where, as in the case at bar, the circumstances of one of two testamentary trustees are such as not to afford adequate security for the proper discharge of his duties, he cannot be relieved from furnishing a bond merely by establishing that his co-trustee is solvent and responsible.

The prayer of the petition must be granted.