Phillips *v.* Pullen.

GEORGE E. PHILLIPS

*v.*

RALPH L. PULLEN.

1. The provision in the eightieth section of the Chancery act is peremptory, and prohibits the issuing of an injunction to restrain legal proceedings after verdict or judgment at the instance of the defendant therein, unless the money be paid into court or a bond given according to the statutory requirement.

2. A temporary injunction, called in this case a stay order, is within the statutory prohibition.

Phillips *v.* Pullen.

A restraining order was granted in the court of chancery, enjoining the defendant from proceeding to execute a judgment obtained by him against the complainant, until a motion for an injunction could be heard and decided by the chancellor. After the hearing and the lapse of some months, the injunction was refused, but the stay order was continued until the sitting of the court of errors. There was an appeal from the decree refusing the injunction. Motion is now made to dissolve the stay order.

*Mr. W. D. Holt* and *Mr. C. H. Beasley,* for the motion.

*Hon. John P. Stockton, Attorney-General, contra.*

The opinion of the court was delivered by

BEASLEY, C. J.

At the argument a question was raised whether this case was in such a position that this court could take cognizance of it. A notice of appeal had been duly filed in the court of chancery, but no petition of appeal had been presented to this court, and the contention was, that the appeal had not been perfected so as to give this court jurisdiction over the case. But in the case of *Barton* v. *Long, 18 Stew. Eq. 160,* argued this term, it was decided that the notice in the court below was the efficient act that placed a cause under the appellate cognizance of this court, and that nothing more was necessary for that purpose. This preliminary objection calls for no further notice.

The motion is, on the part of the respondent, to dissolve a certain injunction granted by the chancellor, and which is now in force.

The facts entering into the question are these: The respondent obtained a judgment in the circuit court, and which was affirmed

NOTE.—As to the effect of an appeal from a refusal to grant an injunction, on a restraining order issued when the injunction was applied for, see *Central R. R. Co.* v. *Standard Oil Co., 6 Stew. Eq. 373, note,* and, also, *Carrington* v. *Sweeny, 2 McArth. 68.*—REP.

Phillips v. Pullen.

in this court on writ of error. Thereupon the defendant in the judgment filed a bill to set aside such judgment, and in the meantime enjoin its execution, and the chancellor, on application, restrained the defendant as prayed for until he could hear and decide the motion for an injunction. Such motion was heard, and, after the lapse of some months, the injunction was refused, but the restraining order was continued until the sitting of this court, the complainant in the court below being required to take his appeal within a limited period.

It is obvious that this injunction was inadvertently granted, for the proceeding is in plain violation of a statute of this state. The provision referred to is the eightieth section of the Chancery act, and which declares that no injunction shall issue to stay proceedings at law in any personal action, after verdict or judgment, on the application of a defendant, unless the money due and costs be paid into court, or a bond, in a prescribed form, be given as security for such moneys. *Rev. p. 119 § 80.*

The language of the clause is so perspicuous as to leave no doubt as to its operative force; it establishes the rule, subject to no exceptions, that proceedings at law, after verdict or judgment in a personal action, shall not be stayed by injunction, except upon compliance with its defined conditions. And neither this court nor the court of chancery can dispense, even temporarily, with such conditions or any part of them. The directions of this statute have always been regarded as eminently mandatory. As long ago as the year 1834, Chancellor Vroom (*Morris Canal Co.* v. *Bartlett, 2 Gr. Ch. 9*) declared the provision was "peremptory," and enforced it in that sense; and thirty years afterwards Chancellor Green pursued the same course, saying, "The statute is imperative. There is no authority to issue an injunction, except upon the terms prescribed by the statute." *Marlatt* v. *Perrine, 2 C. E. Gr. 49.*

The result is that the present injunction, in the existing condition of things, cannot be permitted to stand, as it is destitute of all legal foundation. The order of the court, therefore, is that it be dissolved, unless the appellant, in compliance with the requirement of said act, pay the money into court, or execute a

bond, with sureties, to be approved of by the chancellor, and file the same, with such approval endorsed thereon, within twenty days from this date, in the office of the clerk of this court.

*Order unanimously dissolved.*