MARTIN and MERWIN, JJ., concurred.

Judgment and order affirmed, with costs.

---

In the Matter of the Estate of FRANK KEINZ, Deceased.

JOHN A. KEINZ, Appellant ; JOSEPH RETTIG and Another, as Executors, etc., of FRANK KEINZ, Deceased, and Others, Respondents.

*Executors — revocation of letters — discretionary with the surrogate — a decree on an accounting should follow the provisions of the will as to the maintenance of children.*

The question whether letters testamentary issued to executors shall be revoked is committed to the discretion of the surrogate, and the appellate court will not ordinarily interfere with his exercise of such discretion.

Where the will of a testator provides that the income, and if need be the principal, of his real estate shall be used, in the discretion of his executors, for the support and education of his minor children, a decree adjusting the accounts of the executors, which declares that the minors are entitled to receive their entire support and education from their father's estate, and that their earnings shall not be used for such purposes, is erroneous; the decree should follow the words of the will.

APPEAL by John A. Keinz, a legatee named in the will of Frank Keinz, deceased, from parts of a decree of the Surrogate's Court of the county of Oneida, entered in said court on the 27th day of February, 1894, settling and allowing the accounts of the executors, etc., of Frank Keinz, deceased.

The appeal is taken from that part of the decree which credits the executors herein named "by amount by them paid for support, education, etc., of the testator's daughter, Anna Walburger Keinz, $714.38;" also from the part thereof which credits said executors "by amount paid by them for support, education, etc., of testator's son George Keinz, $534.56;" also from the part thereof which states a balance due said executors of $1,163.56; also from the part thereof which adjudges that said "executors are entitled to have and retain the sum of $76.85 for commissions," "and the further sum of $108.80" allowed them for costs and disbursements; also from the part thereof which adjudges that the letters testamentary issued to executors "ought not to be revoked, and that there is no cause for removal of the executors or either of them;" also from the part thereof which adjudges "that under the testator's will the two minor children were entitled to receive their entire support, education, etc., from the testator's estate, and that their earnings should not be used for that purpose."

Testator died November 6, 1888, leaving him surviving the appellant and two other children, namely, George and Anna. The will of the deceased was duly probated and the executors qualified. Proceedings to compel them to account were begun against them by the appellant, and thereupon the executors petitioned for a judicial settlement of their accounts, and the proceedings were consolidated, and after hearing the parties the surrogate made the decree adjusting the accounts of the executors and refused to revoke the letters testamentary issued to them, and refused to remove them.

*S. M. Lindsley*, for the appellant.

*R. W. McIncrow*, for the executors, respondents.

*John G. Gibson*, special guardian, in person.

HARDIN, P. J. :

On the 31st of October, 1888, the testator made and published his will, in which he named as his executors Joseph Rettig and F. L. Faass, and also appointed them guardians of his minor children "and trustees for the purpose of this will and the trust thereby created." He authorized and empowered the executors " to manage, lease or sell real estate   *   *,   *   and to do all things required to give to the purchaser or purchasers thereof good title thereto." The will contained the following, viz. : " They to use the income and if need be the principal for or towards the support, education, etc., of my daughter, Anna Walburger Keinz, and of my son George Keinz, until said George Keinz shall become of the age of 21 years, using for each of said children so much thereof as in their or the survivor's judgment is needed, and not being required to use equal parts for each. It being my will that my said executors and the survivor of them exercise discretion as to what each will be benefited by, and provide or give same to him or her." He also provided that upon the arrival of George at the age of twenty-one years, all that remained of the real estate and personal estate and increase of each, " shall be divided between my three children, John Andrew Keinz, Anna Walburger Keinz and George Keinz, equally, share and share alike." Under the provisions of the will the executors were also named as trustees and were authorized to use the income of the testator's estate, " and if need be the principal," for the support and education of the daughter and the son George, until he should arrive at the age of twenty-one years. It was for the executors to use so much for each of said children as in their judgment, or that of the survivor, should be needed, and they were not required to use equal parts for each. The discretion of theex ecutors conferred by the testator was exercised from time to time, as appears by their accounts and the evidence produced upon the accounting. We do not see that the surrogate has committed any error in adjusting the accounts. Nor do we think the surrogate erred in refusing to revoke the letters testamentary issued to the executors. The testator understood the capacity of the executors when he named them, and apparently they discharged their duties without fraud or bad faith, according to their understanding of their duties, and in good faith. The evi-

dence did not satisfy the surrogate that the objection to the executors was established, and he did not err in refusing to remove them. (Code Civ. Proc. §§ 2685, 2687.) The surrogate had a discretion, and being satisfied with the direction it took we should not disturb his action. (*McGregor* v. *Buel*, 24 N. Y. 169; *Matter of Chase*, 32 Hun, 320; *Matter of West*, 40 id. 291–297; S. C. affd., 19 N. E. Rep. 286; S. C., 111 N. Y. 687; *Freeman* v. *Kellogg*, 4 Redf. 218, opinion by CALVIN, Sur., and cases cited; *Martin* v. *Duke*, 5 id. 599.) The executors had a discretion as to expenditures to be made for the support and education of the minor children, and the will declares: "The income, and if need be the principal," of the estate is to be used, in the discretion of said executors, for or towards their support. The decree declared the minors were entitled to receive their entire support, education, etc., from the testator's estate, and that their earnings should not be used for that purpose. We think that clause should be modified so it shall be provided in the decree that the executors and trustees, in their discretion, may use the income, and if need be the principal, of the estate for the education and support of the minor children. The commissions to the executors should be stricken out. The decree is, therefore, modified to conform to the foregoing views.

MARTIN and MERWIN, JJ., concurred.

Decree modified to conform to the views stated in the opinion, and, as modified, affirmed, with costs to guardian respondent payable out of the estate.