In the matter of the accounting of MARGARET DOLAND, guardian, &c.

[Argued December 6th, 1904. Decided February 7th, 1905.]

An order of an orphans court directing a writ of attachment to issue for an alleged contempt, made after hearing on an order to show cause, is not appealable.

---

On motion to dismiss appeal.

*Mr. Freeman Woodbridge,* for the motion.

*Mr. Willard P. Voorhees, contra.*

MAGIE, ORDINARY.

Motion is made to dismiss an appeal taken from an order of the orphans court of Middlesex county.

The order appealed from, after reciting the terms of a pre-
vious order of said court, commanding appellant as general
guardian of two deceased infants to pay over certain moneys to
Michael Cahill, one of the heirs-at-law and next of kin of said
infants; the issuance of an order to show cause why appellant
should not be attached for contempt for refusing to obey said
order; the hearing by said court on the evidence of witnesses and
the argument of counsel and the determination of the court that
appellant had not obeyed the order to pay although served with
a copy thereof, directed that appellant should be attached for
contempt and that a writ of attachment should forthwith issue.

The motion to dismiss is urged upon the ground that the
order is not appealable.

It is obvious that the appeal is not taken under the pro-
visions of the "Act providing for the review of convictions and
judgments for contempt of court," approved April 17th, 1884.
*2 Gen. Stat. 2600.* The order attacked is not a conviction or
a judgment for contempt from which an appeal may be taken
under that act. It is only an order for process in the ordinary
course of practice upon a charge of contempt, made after hear-
ing on an order to show cause, and when the accused is brought
in by the process ordered interrogatories are to be exhibited,
and, when answered, the judgment of the court is to be pro-
nounced. *In re Cheeseman, 49 N. J. Law (20 Vr.) 142.* The
order questioned is, therefore, interlocutory only.

The question presented is whether the order is one from
which an appeal is given to the prerogative court by the terms
of the Orphans Court act of 1898, section 204. *P. L. 1898 p.
793.* Such an appeal is given to any person *aggrieved* by an
order of an orphans court.

An appeal to the court of errors and appeals is given by the
constitution and by statute from any order or decree of the
court of chancery to any person aggrieved thereby. In *Coryell
v. Holcombe, 9 N. J. Eq. (1 Stock.) 650,* the court of errors
and appeals had under consideration an appeal from an order
of the chancellor directing an attachment to issue against
parties who had refused to obey an order for the payment of
money. It was determined that such an order was only to bring

in the parties to answer for an alleged contempt and that the parties were not aggrieved thereby so as to maintain an appeal. The appeal was dismissed.

The language of the act giving an appeal to this court from an order of the orphans court of whatever nature is in substantial agreement with that used to confer jurisdiction on the court of errors and appeals to entertain appeals from any order or decree of the court of chancery. In both cases the right to appeal is given to persons aggrieved. If an order by the chancellor for an attachment did not aggrieve the parties against whom it was directed the order of the orphans court of an identical nature did not aggrieve the present appellant.

In my judgment the order appealed from is not one which may be reviewed on appeal, and the appeal must be dismissed.