RICHARD E. HARRIS, RELATOR, v. SAMUEL J. CORKER.

Submitted March 16, 1916—Decided June 6, 1916.

Chapter 365 of the laws of 1915 (*Pamph. L., p.* 677) is special legis-
    lation regulating the internal affairs of counties and is un-
    constitutional.

On *quo warranto.*

Before GUMMERE, CHIEF JUSTICE, and Justices SWAYZE
and BERGEN.

For the relator, *Campbell & De Turck.*

For the defendant, *Clarence Mabie, Waldron M. Ward* and
*John R. Hardin.*

The opinion of the court was delivered by

SWAYZE, J. The relator claims the office of custodian of
the Bergen county court house by virtue of an election pur-
suant to chapter 365 of the laws of 1915. This act applies
only to counties having between one hundred and two hundred
thousand inhabitants, where a court house has been erected in
pursuance of the act of March 19th, 1901, which has not
adopted or does not hereafter adopt the Civil Service act of
1908. This is a triple classification. The act does not apply to
all counties having between one hundred and two hundred
thousand inhabitants; nor to all counties that adopt the act
of March 19th, 1901; nor to all counties that fail to adopt
the Civil Service act. It seems likely that the three quali-
fications were united in order that the act might apply to
Bergen county alone. Such a classification has already been
condemned. *State* v. *Riordan,* 75 *N. J. L.* 16.

It is argued by the relator that he may claim a position
under the act of 1910. *Comp. Stat., p.* 521, *pl.* 167. The
answer is: (1) his information claims an office, not a position;

(2) *quo warranto* is not the proper remedy if in fact it is a mere position. We cannot sustain the plaintiff's claim to something not within the pleadings, nor can we on *quo warranto* adjudicate the claim of the defendant to a mere position. If the relator's claim that the place is a mere position were correct, nothing could be done in this present proceeding. We find there has been no ouster and there must be judgment for the defendant.