In the matter of the estate of WILLIAM H. KELLNER, deceased.

[Argued October 28th, 1936.   Decided January 22d, 1937.]

*Mr. Nathan H. Berger,* for the appellants.

*Messrs. Braelow & Tepper,* for the respondent Jane Kellner.

*Messrs. Lindabury, Steelman, Zink & Lafferty,* for the respondent Federal Trust Company, executor.

The opinion of the court was delivered by

PARKER, J.

The appeal is from an order of the prerogative court dismissing an appeal from an order by the surrogate of Essex county, for reargument of an application to reopen probate of a will. The prerogative court held that no appeal would lie from the order of the surrogate, because the interest of the appellant was in no way affected by the making of the order.

The history of the case is illuminating. Testator died July 24th, 1930; his will and codicils were proved September 10th, 1930; and the executors' account was passed September 30th, 1931. On August 15th, 1932, Jane Kellner (the present respondent) petitioned that the probate be vacated. She claimed fraud, lack of testamentary capacity, and undue influence. Certain objections of law were made and argued, and on December 27th, 1932, Surrogate Whinery filed a lengthy decision asserting his jurisdiction under the statute of 1917, chapter 133, *2 Cum. Supp. Comp. Stat. 1911-1924 p. 2636,* to deal with the matter of recalling a decree of probate. *In re Kellner, 11 N. J. Mis. R. 201; 165 All. Rep. 585.* We do not understand that the meaning or effect of that statute is now challenged, but note here that it uses this language: "or to grant a new trial or a new hearing for fraud, newly discovered evidence, clerical error, or other sufficient cause. The powers and authority conferred by this act must be exercised only in a like case and in the same manner as a court of record and of general jurisdiction exercises the same powers." This appears to recognize the practice of rehearings in equity and new trials at law where applicable. Surrogate Whinery held that to confer jurisdiction on the surrogate, the fraud or newly discovered evidence "must relate to the act of probate" and not to "the existence of a will. In short," (he said) "it is essentially a fraud on the surrogate which establishes his authority to act under this statute [of 1917] in this case. Our consideration of the petition must therefore be limited to this one question." He concluded to take testimony on the truthfulness of the affidavits as to execution, &c. On *certiorari* the supreme court refused to interfere *in limine. Towne* v. *Kellner, 11*

*N. J. Mis. R. 846; 168 Atl. Rep. 308.* The surrogate then took testimony only as to execution of the two codicils, and on September 26th, 1934, delivered another opinion (*In re Kellner, 13 N. J. Mis. R. 28; 176 Atl. Rep. 382*), in which he said the argument was that if there was fraud in the codicils it would invalidate the will, but overruled that view, remarking that the codicils "merely concern the burial of decedent in a vault" and designate "the relatives who may also find their final resting place in the same vault."

Adhering to his former view that the act of 1917 governs only matters of execution, he discussed the evidence of execution of the codicils and held there was no good ground for interfering with the original probate. He alluded also to alleged newly discovered evidence, noted that the time for appeal had elapsed, said the usual rule applied, reiterated that the fraud, &c., must be limited to the probate itself and cited a number of New York cases in support. The rule to show cause was dismissed.

It does not appear that any attack was made on this decision. Jane Kellner, the petitioner, seems to have made no move until Whinery was out of office and a new surrogate had come in, when the second petition was filed (January 28th, 1935). It is remarkable in several ways. It is not by Jane Kellner, but by one Bernard Igor Verney, "Associated with Braelow & Tepper, Esqrs. proctors for Jane Kellner, the petitioner herein" (*sic*). It is verified by Verney, stating that "he is the petitioner" and "that the matters and things therein contained are true to the best of his knowledge and belief." It states the dismissal of the prior petition, and paragraph 4, the meat of the matter, reads as follows:

"4. Petitioner *believes* that new evidence *may* be produced at this time as to why the probate hitherto allowed should be revoked, and *believes that the surrogate did not fully comprehend the facts* or the legal significance therein made when he dismissed the petition of Jane Kellner, as indicated in his opinion filed in this matter; and *petitioner believes* there to be *other good and sufficient cause why* there should be re-argument and re-hearing upon the petition of Jane Kellner." (Italics ours.)

Nothing, we think, could be more absolutely vague than this. There is no averment that new evidence has been discovered, let alone what it is. No reason is advanced as to why Surrogate Whinery misconceived the facts; all it avers is a mere belief of good and sufficient cause for re-argument. But on this petition the surrogate made an order to show cause why such rehearing should not be had, which, about six months later, was made absolute by an order reciting that on the adjourned return date "argument was had and cause being shown." This order does not recite the taking of any proofs, and we learn from the brief of counsel, uncontradicted, that it was made "without the presentation of any testimony or any other proofs other than the affidavit of verification attached to the Verney petition;" in other words, without proof of anything except belief of counsel.

The order provides that "the newly discovered evidence to be adduced by petitioner * * * shall be confined to the facts alleged in the petition of January 28th, 1935." As we have seen, there were no facts therein alleged.

The general rule is of course settled that a rehearing is a matter of discretion, and that an order for rehearing when based on some tangible ground, as error in law, or in a finding of fact, or newly discovered evidence in the legal sense, is not reviewable in the absence of any abuse of discretion. The vice-ordinary held that appellants, who rest on a decree of probate, are not aggrieved. But we think the rule does not apply to a case where neither in the petition, nor in the order to show cause, nor in the argument thereon, nor in the order absolute, does one fact appear on which the order can be rested: there is no hint of what any alleged newly discovered evidence would tend to prove, and yet in the order absolute there is an express restriction to the "facts" alleged in the petition of January 28th, 1935. There are no facts alleged, as already pointed out. In short, the order under appeal is based on nothing and calls for a hearing, which as to newly discovered evidence can result in nothing if the hearing is restricted, as it must be, to the facts alleged in the petition. We are clear that there was an abuse of discretion, and manifestly to the injury of appellants, who were entitled to treat

the attack on the probate as having been set at rest. The powers conferred by the statute are those common to courts of law and courts of equity, and the principles applicable are the same in both courts. *Feinberg* v. *Feinberg, 70 N. J. Eq. 420; affirmed, 72 N. J. Eq. 445; Kirschbaum* v. *Kirschbaum, 92 N. J. Eq. 7.* As to newly discovered evidence, the rule is an old one, that it must be stated with particularity in the application, and it must appear that it was not previously obtainable by the exercise of due diligence. *Deacon* v. *Allen, 4 N. J. Law \*338, 343; Sheppard* v. *Sheppard, 10 N. J. Law \*250; Servis* v. *Cooper, 33 N. J. Law 68, 71; Plaskon* v. *National Sulphur Co., 114 N. J. Law 109.* The same rule obtains in equity, viz., the petition for rehearing "should set forth new facts or newly discovered evidence of facts, which at the hearing were unknown to the party, and which could not have been known by the exercise of ordinary diligence prior to "the closing of the evidence:" *McDowell* v. *Perrine, 36 N. J. Eq. 632.*

It is suggested for respondent that appeal does not lie until final judgment. Such, of course, is the rule at law, but our probate practice is essentially equitable in character, and under that practice interlocutory orders are appealable.

We conclude that the order of dismissal under review should be reversed, and the cause remitted to the prerogative court with directions to decree that the order of the surrogate directing a rehearing, and the order to show cause whereon it was based, be reversed, set aside and for nothing holden.

The prerogative court also made an award of $125 to respondents for cost of a stenographic transcript, as against appellants. This was a transcript of testimony taken before Surrogate Whinery on the earlier application. Even if the order for rehearing were sustained, there would be no valid ground for charging appellants with such an item while the attack on the probate was still to be argued; far less in view of our present holding that the order for rehearing was without warrant of law. In this particular also there must be a reversal.

Appellants are entitled to costs in this court.

*For affirmance*—None.

*For reversal*—The Chief-Justice, Trenchard, Parker, Case, Bodine, Heher, Perskie, Hetfield, Dear, Wells, WolfsKeil, Rafferty, Cole, JJ.   13.